UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

| | |
|---|---|
| COLEEN M. HEMMINGER, | No. ED CV 07-420 (SH) |
| Plaintiff, | MEMORANDUM DECISION |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | |

## I. PROCEEDINGS

Plaintiff filed a Complaint on April 11, 2007, seeking review of the decision of the Commissioner of the Social Security Administration denying a Period of Disability, Disability Insurance Benefits ("DIB"). On May 21, 2007, both parties consented to proceed before United States Magistrate Judge Stephen J. Hillman, after which defendant filed an answer, along with the Administrative Record ("AR"), on August 23, 2007. The parties thereafter filed a joint stipulation on January 29, 2008. The matter has been taken under submission.

## II. BACKGROUND

Plaintiff filed an application for DIB on September 16, 2003, alleging that she had been unable to work since November 29, 2000 due to fibromyalgia, atypical facial pain, trigeminal neuralgia, osteoarthritis, herniated discs, migraines, hypothyroidism, and depression.[1]  (AR 44, 51, 58).  The application was denied, both initially and upon reconsideration, by the State Disability Determination Service and a request for a hearing was timely filed.  (AR 21, 26, 31).  On January 24, 2005, plaintiff appeared and testified before Administrative Law Judge ("ALJ") Joseph Schloss.  (AR 413).

Following the hearing, plaintiff's claim was denied yet again on March 10, 2005.  (AR 9).  Plaintiff then sought review to the Appeals Council.  (AR 7).  The Appeals Council denied review on November 17, 2005.  (AR 4).

Plaintiff subsequently filed a Complaint in this Court (EDCV 05-1119 (SH)).  Pursuant to a Stipulation to Voluntary Remand, the Court remanded the case for further administrative proceedings on July 6, 2006.  (AR 460, 462-63).  In the stipulated remand order, the Commissioner was ordered to: (1) provide further consideration and evaluation of the medical evidence including an evaluation of all treating physicians; (2) specifically address the lay witness testimony and provide sufficient rationale to support or discredit this testimony by giving specific, cogent reasons germane to that witness; and (3) provide further evaluation and explanation for the determination of plaintiff's maximum residual functional capacity ("RFC"), and determine whether her RFC is consistent with the performance of her past relevant work.  (AR 462-63).

On September 2, 2006, the Appeals Council, in turn, remanded the case back to the ALJ for further proceedings consistent with the Court's order.  (AR 455).

On December 4, 2006, a second hearing was held before ALJ Schloss.  (AR

---

[1] Plaintiff's date last insured was December 31, 2004.  (AR 48, 439).

516). The ALJ again denied plaintiff's claim on February 8, 2007. (AR 435). The ALJ determined that plaintiff had the RFC to perform light exertional work, involving simple, repetitive tasks and no more than superficial contact with the general public. (AR 443). The ALJ concluded that plaintiff had the RFC to perform her past relevant work, and that she was not under a disability. (AR 443-44).

Following the ALJ's second determination, plaintiff again filed a Complaint in this Court, challenging the ALJ's determination on three issues. Plaintiff alleges that the ALJ erred (1) by failing to comply with this Court's order and the Appeals Council's order, directing the ALJ to give further consideration to the opinion of the treating physicians; (2) by improperly evaluating plaintiff's mental impairment; and (3) by failing to properly develop the record regarding plaintiff's fibromyalgia.

For the reasons discussed below, the Court finds that plaintiff's first claim of error has merit. Because the matter is reversed and remanded for further proceedings based on this claim of error, the Court need not address plaintiff's other claims of error.

## III. DISCUSSION

Under 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). This court cannot disturb the Commissioner's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933

1 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

2   In this case, the ALJ failed to proper consider the opinion of plaintiff's treating psychiatrist, Dr. Robert Summeroar.

4   On September 7, 2006, Dr. Summeroar completed a Work Capacity Evaluation (Mental), in which he provided assessments of plaintiff's mental limitations. In particular, Dr. Summeroar opined that plaintiff was: *extremely* limited in the ability to accept instructions and respond appropriately to criticism from supervisors; *extremely* limited in the ability to get along with co-workers or peers without distracting them or exhibiting behavioral extremes; *extremely* limited in the ability to set realist goals or make plans independently of others; *markedly* limited in the ability to maintain attention and concentration for extended periods; *markedly* limited in the ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; *markedly* limited in the ability to sustain an ordinary routine without special supervision; *markedly* limited in the ability to interact appropriately with the general public; *markedly* limited in the ability to respond appropriately to changes in the work setting; *moderately* limited in the ability to work in coordination with or in proximity to others without being distracted by them; *moderately* limited in the ability to make simple work-related decisions; *moderately* limited in the ability to ask simple questions or request assistance; and *moderately* limited in the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness. (AR 486-87). Dr. Summeroar also opined that plaintiff's condition would cause her to be absent from work at least three days or more per month. (AR 487).

25   In his February 8, 2007 decision, the ALJ acknowledged that Dr. Summeroar's September 2006 evaluation indicated that plaintiff had "marked and extreme limitations in several areas of functioning," but he found that "it [was] not necessary to evaluate them herein as they were made significantly after [plaintiff's]

4

date last insured (i.e., December 31, 2004) and therefore shed little light on [plaintiff's] ability to function during the period of time at issue."[2] (AR 442).[3] This was error, as the ALJ's proffered basis flies in the face of well-established law. See Lester v. Chater, 81 F.3d 821, 832 (9th Cir.1995) ("'[M]edical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition.'") (citation omitted); see also Morgan v. Commissioner of the Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir.1999) ("[T]he circumstance of a retroactive diagnosis, standing alone, may not be sufficient to discount the opinion of a treating physician."); Flaten, 44 F.3d at 1461 n.5 (9th Cir.1995) ("Retrospective diagnoses by treating physicians and medical experts . . . are . . . relevant to the determination of a continuously existing disability with onset prior to expiration of insured status.").

Moreover, the record shows that Dr. Summeroar had a lengthy, consistent treatment relationship with plaintiff, beginning in September 2001 – which clearly predates plaintiff's last insured date. (AR 322-63, 410-12, 488-514). During the course of treatment, Dr. Summeroar recorded plaintiff's symptoms and complaints, and consistently diagnosed plaintiff with major depressive disorder, recurrent, severe without psychotic features. (AR 322-63, 410-12, 488-514).[4] It is reasonable to assume that Dr. Summeroar's September 2006 evaluation took into consideration his observations made before plaintiff's last insured date.

Given Dr. Summeroar's extensive treatment relationship with plaintiff, his findings were entitled to greater consideration. See 20 C.F.R. § 404.1527(d)(2)(i)

---

[2] In order to be eligible for DIB, plaintiff must establish that she was disabled prior to her date last insured. See Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1458 (9th Cir. 1995).

[3] In determining plaintiff's mental RFC, the ALJ adopted the opinion of the state agency physician. (AR 14, 371-89, 442-43).

[4] On a few occasions in 2006, plaintiff was diagnosed with major depressive disorder, recurrent, unspecified. (AR 488-89, 491).

5

& (ii) (weight accorded to a treating physician's opinion dependent on length of the treatment relationship, frequency of visits, and nature and extent of treatment received). If the ALJ desired to reject Dr. Summeroar's opinion in favor of the state agency consultant's opinion, the ALJ should have set forth specific, legitimate reasons for doing so. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

The Court recognizes that Dr. Summeroar's evaluation was ambiguous as to when plaintiff's condition became disabling. To the extent the ALJ needed clarification, he should have contacted Dr. Summeroar for further explanation. See Mayes v. Massanari, 276 F.3d 453, 459-60 (9th Cir. 2001) ("An ALJ's duty to develop the record further is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.") (citation omitted); see also DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991) ("In cases of mental impairments, [the duty to develop the record] is especially important. 'Because mentally ill persons may not be capable of protecting themselves from possible loss of benefits by furnishing necessary evidence concerning onset, development should be undertaken in such cases to ascertain the onset date of the incapacitating impairment.'") (citation omitted).

The Court finds that the ALJ improperly disregarded the treating psychiatrist's opinion. Therefore, the Court remands the matter in order to make a proper assessment of plaintiff's mental limitations.

/ / /

/ / /

/ / /

/ / /

/ / /

## IV. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

Date: <u>February 5, 2008</u>

          _____/s/_____

            STEPHEN J. HILLMAN

          UNITED STATES MAGISTRATE JUDGE